## STATE v. AZARIAH DONAVAN.

Court of Oyer and Terminer. Sussex. March 26, 1798.

*Wilson's Red Book, 187.*

*Ridgely,* Attorney General, for the State. *Vining* and *Wilson* for defendant.

Evidence. That Isaiah Green, the deceased, was a man of a weak mind. That he was at a general muster of the militia at Georgetown on the thirtieth March, 1797, and was making sport frequently by giving the word of command; that defendant had snapped his gun at him several times in the course of the day, being on duty, to make sport by affrighting him. That a gun was handed defendant, which it was said would go off, and was loaded with powder and a wad. That defendant meant to frighten him, shooting past him, and actually put the muzzle of the gun beyond him, but, he taking hold of the gun and they mutually pushing, the gun went off and shot him through the integuments, but not into the muscles, on the outside of the leg below the knee. The deceased had a complaint in his breast and bowels, which the doctor and nurse thought was the cause of his death, which was June 7, 1797.

Defendant's counsel first called it misadventure, 1 Hawk.P.C. 111. That there was evidently no intent to hurt; and the act though not done in the utmost caution that might have been used, Fost. 263, 264, 265, yet it was not an unlawful act, Fost. 259. Acts lawful or unlawful in the cases on this subject are not to be determined so by the law of the land but by the laws of God and nature, 4 Com.Dig. 459, Fost. 259. And secondly denied that it appeared he died from [the wounds].

Attorney General. The act was unlawful, for the pointing a loaded gun is an assault, Fost. 261. There was a want of caution, 1 Hale P.C. 472, Fost. 262. Shooting a gun at a public place and death ensues, it is manslaughter, 1 Hawk.P.C. 112, s. 9. The wound need not be the immediate cause of his death. 1 Hale P.C. 428.

READ, C. J. Little is to be said by the Court on the law, it being rightly stated by the counsel for the State and admitted by defendant's counsel, except *Sir John Chichester's Case,* which defendant's counsel think was too severe, and they relied [on] a

note from Alleyn. He made his report a century ago. Judge Foster recites this case and admits it, page 260.

It may seem necessary for the Court to say whether this case is (believing all the evidence to be true) manslaughter or not. Every kind of diversion on this occasion more than their duty was folly. You are to consider whether this wanton conduct of defendant followed by such an accident was not likely to be accompanied by such consequences. We cannot help saying that if you believe the evidence, it was a wanton, foolish, and unlawful act that defendant was guilty of with this man. The Court will only mention one case in Fost. 261, where the killing a child standing by at the sport of cockthrowing was accounted manslaughter. Now, whether you call the using a gun in this manner a playful or funny manner, it is an improper and unlawful manner.

If you think on the second point that this wound was not the mediate or immediate cause of the death, you will weigh that matter; it is proper for your consideration. You hear the old woman saying that his principal complaint was a pain in his breast, and the doctor also says his other complaint was the principal one.

Verdict, not guilty.

The Attorney General applied under Article VIII, section 8, for a certificate.

*Wilson* observed that it was certainly discretionary to certify or not. Even where the court were convinced that there was probable cause for the prosecution, they are not bound to certify, and that in this case a certificate must send the man to prison and to the benefit of the insolvent acts.

READ, C. J. We think ourselves bound to say there was probable cause. but the Levy Court will perhaps give relief.

CLAYTON, J. Although we certify, I am clearly of opinion that the matter is discretionary even where there [is] probable cause appearing to the Court.